113 F.3d 1240
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Rodolfo Maghirang BANGUNAN, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 96-70242.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 21, 1997.*
Decided May 2, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals, No. Asc-qmm-vkw.
 BIA
 REVIEW DENIED.
 Before: BROWNING, THOMPSON, and HAWKINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Rodolfo Maghirang Bangunan, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of his applications for asylum and withholding of deportation under sections 208(a) and 243(h) of the Immigration and Nationality Act ("the Act"), 8 U.S.C. §§ 1158(a), 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition.
 
 
 3
 Bangunan contends that there is no substantial evidence to support the BIA's determination that he has failed to establish past persecution or a well-founded fear of future persecution on account of political opinion. We disagree.
 
 
 4
 The BIA's decision whether to grant asylum is reviewed for abuse of discretion. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Factual findings underlying the BIA's decision, including whether the alien has proven past persecution or a well-founded fear of future persecution, are reviewed for substantial evidence. See id. Under the substantial evidence standard, we must uphold the BIA's denial of asylum unless the alien demonstrates that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 5
 To be eligible for asylum, an applicant must show either "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). To establish a well-founded fear of future persecution, the applicant must show both a genuine subjective fear of persecution and an objectively reasonable fear. See Acewicz, 984 F.2d at 1061. The objective component requires "a showing by 'credible, direct, and specific evidence' of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted).
 
 
 6
 Here, Bangunan claimed that he suffered persecution between 1988 and 1989, when he received letters from the New People's Army ("NPA") demanding bribes. After he failed to respond, the NPA beat him and kidnapped him overnight, and he was not released until a payment of 3,000 pesos was made. Bangunan received further letters, causing him to relocate or to go into hiding until he eventually left for Saudi Arabia and then the United States. Bangunan further stated that "he refused to become a supporter of the NPA, because [he] was and still [is] opposed to Communism and [doesn't] believe to their ideology."
 
 
 7
 First, Bangunan contends that there is substantial evidence to grant him asylum on account of political opinion. However, Bangunan's admission that the NPA wanted his money and that he was immediately released once the bribe was paid evidences the economic rather than political motivation of the NPA. See Abedini v. INS, 971 F.2d 188, 192 & n. 1 (9th Cir.1992). In addition, there was no evidence that Bangunan ever expressed his political views to the NPA or that the NPA was aware of his views. See id.; see also Alonzo v. INS, 915 F.2d 546, 548 (9th Cir.1990) (holding that persecution is not established when alien failed to show communication of political views or persecutor's awareness of those views). Substantial evidence, therefore, supports the BIA's determination that Bangunan's mistreatment was not on account of his personal political views, but on account of his financial status. See Elias-Zacarias, 502 U.S. at 481-82.
 
 
 8
 Second, Bangunan contends that there is substantial evidence of persecution on account of his membership in a particular social group. However, Bangunan's identification with successful small businessmen does not stem from any associational relationship, but simply because he was wealthy. See id.; see also De Valle v. INS, 901 F.2d 787, 793 (9th Cir.1990) (stating that a social group implies a collection of people closely affiliated with each other and who are actuated by some common impulse or interest). Substantial evidence, therefore, supports the BIA's determination that Bangunan failed to show persecution on account of membership in a particular social group. See Acewicz, 984 F.2d at 1061.
 
 
 9
 Third, Bangunan contends that there is substantial evidence to establish a well-founded fear of future persecution. However, the fact that Bangunan's problems seemed to subside after relocating to Manila establishes a strong likelihood of finding refuge in other areas in the Philippines, and avoiding future conflict with the NPA.[1] See id.; see also Cuadras v. INS, 910 F.2d 567, 571 n. 2 (9th Cir.1990) (reaffirming that Court may consider that alien could avoid geographic localized danger by settling in a different part of the country). Substantial evidence, therefore, supports the BIA's determination that Bangunan has not established a well-founded fear of future persecution. See Acewicz, 984 F.2d at 1061.
 
 
 10
 Accordingly, we deny the petition for review because the evidence, even if accepted as true,[2] would not compel a reasonable factfinder to find the requisite past persecution or well-founded fear of future persecution on account of political opinion. Acewicz, 984 F.2d at 1062.
 
 
 11
 Because Bangunan failed to demonstrate a well-founded fear of persecution, he also failed to satisfy the higher standard of "clear probability of persecution" required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).
 
 
 12
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Bangunan also contends that the BIA misplaced reliance on certain factors in the State Department Report ("the Report") that prejudiced his claim. The BIA did not abuse its discretion by taking administrative notice of certain factors in the Report, especially since Bangunan's testimony and evidence presented actually supported the opinions in the Report regarding current country conditions and the NPA's motivations. See Ghaly v. INS, 58 F.3d 1425, 1429-30 (9th Cir.1995)
 
 
 [2]
 Bangunan contends that he has provided credible personal testimony and evidence to support a grant of political asylum and withholding of deportation. However, this court has no jurisdiction to review this contention because the IJ's adverse credibility determination was not raised by Bangunan on appeal to the BIA. See Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994)